## HUNTINGTON COUNTY LOAN AND SAVINGS ASSO-
CIATION v. CAST ET AL.

[No. 19,990.   Filed June 17, 1903.]

From Huntington Circuit Court; *C. D. Landis*, Special Judge.

Action by the Huntington County Loan & Savings Association against Simon T. Cast and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*U. S. Lesh* and *M. L. Spencer*, for appellant.
*O. W. Whitelock, S. E. Cook, T. G. Smith, J. B. Kenner* and *Eben Lesh*, for appellees.

DOWLING, J.—Action by the appellant upon the bond of the appellee Cast, who had been the secretary of the association, to recover moneys received by him as such officer, and for which he had failed to account. The appellees other than Cast were the sureties upon the bond. Issues were formed, and the cause was submitted to the court for trial. A special finding was made at the request of the appellant, and the conclusions of law were in favor of the appellees. Exceptions to the conclusions of law were duly reserved, and a motion for a new trial was made by the appellant and overruled by the court. Judgment for the appellant for $49.78.

The errors assigned and not waived by failure to discuss them are the conclusions of law and the ruling of the court upon the motion for a new trial. The point made under the several assignments is that the amount of the recovery is too small.

It appeared from the proof that the appellee Cast had been the secretary of the association for eight years, and that in each year he had been a defaulter. The bond supposed to have been given by Cast for three years of the time he served as secretary could not be found. When it was discovered that the secretary had embezzled the moneys of the association, he and his wife conveyed to it certain real estate by deed, and he also turned over a small amount of stock in the association. One of the sureties on the bond in suit made a payment on account of the amount due.

It is contended by the appellant that no special direction was given by Cast as to the application of the payments made by him by the transfer of his property, and that it had the right to apply such payments to the unsecured claims against Cast. The appellees insist that the property was conveyed to the association for the purpose of paying the claims for which the securities were liable, and that the unsecured debts were not embraced in the arrangement. Counsel for appellant assert that the question of the

right of the appellant to make the application of the payments is one of law; counsel for the appellees contend that it is one of fact.

There was evidence that the transfer of property was made for the benefit and protection of the sureties, and this being the case, we can not say that the court erred in its finding on that branch of the case, or that such finding was not sustained by sufficient evidence. The conclusions of law were fully warranted by the findings of fact.

There is no error in the record. Judgment affirmed.